UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| DUSTIN SIEBERT and ) | |
| CHASITY SIEBERT, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 1:06CV00174 LMB |
| ) | |
| STATE FARM FIRE & CASUALTY CO., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the court on the Petition of Plaintiffs Dustin Siebert and Chasity Siebert, originally filed in the Circuit Court of Pemiscot County, alleging breach of contract and tort claims with regard to an insurance policy issued to plaintiffs by defendant. This case has been assigned to the undersigned United States Magistrate Judge pursuant to the Civil Justice Reform Act and is being heard by consent of the parties. See 28 U.S.C. § 636.

Currently pending before the court is Defendant's Motion to Dismiss, along with Defendant's Suggestions in Support of Motion to Dismiss. (Documents Number 5, 6). Plaintiffs have not filed a Response to defendant's motion.

### Background

Plaintiffs allege four counts in their Petition. In Count I, plaintiffs state that they purchased a homeowners's policy through Defendant State Farm Fire and Casualty Company on the dwelling located at 6188 State Highway J, Deering, Missouri. Plaintiffs claim that on April 2,

- 1 -

2006, as a result of a tornado, the home covered by the homeowner's policy incurred damages that made the home uninhabitable. Plaintiffs claim that the contract of insurance entered into with defendant provided that if the home was damaged or destroyed, defendant would be obligated to plaintiffs. Plaintiffs state that they paid all premiums as required and that the contract of insurance was valid and in full force and effect at the time of the loss. Plaintiffs allege that defendant has refused full payment to plaintiffs for the loss of the home. Plaintiffs claim that they have demanded and continue to demand full payment for the claim, and have presented a proper and valid claim for the loss.

In Count II of their Petition, plaintiffs state that their action concerns collection by plaintiffs against defendant. Plaintiffs allege that they sent a proper demand to defendant for payment and defendant has failed and refused to pay those sums due under the contract of insurance. Plaintiffs claim that they have performed all obligations on their part and any conditions precedent. Plaintiffs request an award in excess of $25,000.00 for costs and expenses incurred.

In Count III of their Petition, plaintiffs claim that the contract of insurance entered into between plaintiffs and defendant imposes upon each party a duty of good faith and fair dealing in its performance and enforcement. Plaintiffs state that they have complied with all requirements of good faith and fair dealing. Plaintiffs claim that they have performed all obligations on their part and have demanded that sums due be paid. Plaintiffs allege that defendant has breached its duties under the contract without reasonable cause and has done so in bad faith. Plaintiffs request that the court award plaintiff in excess of $25,000.00 for bad faith damages.

In plaintiffs' final count, also titled Count III,[1] plaintiffs state that defendant has delivered to plaintiffs a policy of insurance that covers the accidental loss or damage for destruction of a home located at 6188 State Highway J, Deering Missouri. Plaintiffs claim that they have paid premiums under the contract of insurance. Plaintiffs state that they sustained a loss of the home located at 6188 State Highway J, Deering, Missouri. Plaintiffs claim that they have demanded of defendant all sums due under the contract and that defendant's refusal to pay the claims is vexatious and without reasonable cause. Plaintiffs request that the court award damages for defendant's vexatious refusal to pay.

## Discussion

### I. Standard

The United States Supreme Court recently held in Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (May 21, 2007), that a complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Id. at 1974 (abrogating the traditional "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102, 2 L.Ed.2d 80 (1957)). To survive a motion to dismiss, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." Id. at 1965.

### II. Defendant's Motion to Dismiss

In its motion to dismiss, defendant argues that Missouri law does not permit recovery by plaintiffs for the tort of bad faith as alleged in the initial Count III of plaintiffs' Petition.

---

[1] Plaintiffs have titled both their third and fourth counts "Count III." As such, the court will refer to the Count III at issue in defendant's Motion to Dismiss as the "initial Count III."

Defendant claims that plaintiffs' second Count III seems to refer to vexatious refusal penalties, which would state a claim for relief. Defendant contends that because the initial Count III fails to state a claim upon which relief can be granted against defendant, it should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). As previously noted, plaintiffs have not filed a Response to defendant's motion.

Under Missouri's Vexatious Refusal to Pay Claim statute, if an insurance company refuses to pay a claim "without reasonable cause or excuse," then a jury may award "damages not to exceed twenty percent of the first fifteen hundred dollars of the loss, and ten percent of the amount of the loss in excess of fifteen hundred dollars..." Section 375.420 RSMo. Recovery by the insured against the insurance company for the policy benefit "is limited to that provided by the law of contract plus, if section 375.420 applies, the enhancements provide by the statute.'" Overcast v. Billings Mut. Ins. Co., 11 S.W.3d 62, 68 (Mo. banc 2000). See Wood v. Foremost Insurance Company, 477 F.3d 1027, 1029 (8th Cir. 2007).

In Missouri, "the tort of bad faith is recognized as a viable theory under which an insured may obtain damages against an insurer due to the latter's bad faith in not effecting settlement of a third party claim within the limits of coverage afforded by a policy of liability insurance." Duncan v. Andrew County Mut. Ins. Co., 665 S.W.2d 13, 18 (Mo. Ct. App. 1983). Missouri courts have held that the tort of bad faith does not apply in the context of liability insurance to first party claims by an insured. Id. at 20. See Catron v. Columbia Mut. Ins. Co., 723 S.W.2d 5, 6 (Mo. 1987); Meeker v. Shelter Mut. Ins. Co., 766 S.W.2d 733, 742 (Mo. Ct. App. 1989).

In this case, plaintiffs' initial Count III sets forth a bad faith tort claim against defendant for defendant's alleged failure to perform under the insurance contract. Missouri law does not

recognize such first party bad faith tort claims. As such, plaintiffs' initial Count III fails to state a claim upon which relief can be granted and will be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (Doc. No. 5) be and it is **granted**.

**IT IS FURTHER ORDERED** that the initial Count III of plaintiffs' Petition be and it is **dismissed with prejudice**. A separate order of Partial Judgment will be entered on this date.

Dated this   21st   day of September, 2007.

                                                 LEWIS M. BLANTON
                                                UNITED STATES MAGISTRATE JUDGE